**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOUGLAS SMITH,

                      Petitioner,

        - against -

E.R. DONNELLY, Warden of
Wende Correctional Facility,

                      Respondent.

**REPORT AND RECOMMENDATION**

**03 Civ. 5402 (PKC) (RLE)**

**To the HONORABLE P. KEVIN CASTEL, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* petitioner, Douglas Smith ("Smith"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction, upon a guilty plea, on September 20, 2000, in New York State Supreme Court, Bronx County. Smith was convicted of attempted criminal possession of a weapon in the third degree. He was sentenced, as a persistent violent felony offender, to an indeterminate term of three years to life. Smith is currently in the custody of the New York State Department of Correctional Services, Division of Parole.

Smith challenges his conviction on the grounds that 1) he did not waive his right to appeal the denial of his suppression motion; 2) the State failed to establish probable cause for his arrest; 3) the trial court erred in refusing to reopen the suppression hearing after learning that Smith wanted to testify; 4) he was incorrectly adjudicated as a persistent violent felon; and 5) his indictment should have been dismissed because he was not afforded an opportunity to testify

before the grand jury.[1]  For the reasons set forth below, I recommend that the petition be
**DENIED**.

## II. BACKGROUND

**A.    Factual Background**[2]

On July 2, 1998, at approximately 12:30 a.m., Blunt, an informant, telephoned detective John Zerbo ("Zerbo") of the Bronx Police Department Narcotics Squad.  Affidavit of Nancy Killian in Opposition to Douglas Smith's Petition for Writ of Habeas Corpus, dated January 6, 2004 ("Killian Aff."), Exh. 1 at 3-4.  Blunt informed Zerbo that there was an African-American man wearing a green-hooded sweatshirt and green pants with a gun in his pocket near a White Castle restaurant in the Bronx.  **Id**.  Since the police considered Blunt a reliable source because he had previously provided accurate information, Zerbo and Detective Marcelo Diaz ("Diaz") went to the location.  There, Blunt pointed out Smith.  The police observed that Smith was wearing green clothes and had a large bulge in his pant's right-side pocket.  **Id**.  Believing Smith was carrying a gun, Diaz grabbed Smith, threw him on the ground, felt the outside of his pant pocket, and pulled out a loaded .38 caliber revolver.  **Id**.

**B.    Procedural Posture**

On July 24, 1998, Smith was indicted by the grand jury for attempted criminal possession

---

[1] Smith's petition does not set forth any specific claims.  Instead, it refers to the four claims in his appellate brief.  His fifth claim was raised in a *pro se* motion filed in the trial court on August 4, 1999.

[2] The Court does not have the transcript of Smith's trial.  The factual recitation herein is derived from Smith's and respondent's submissions to this Court, and on direct appeal to the New York Supreme Court, Appellate Division, First Department.  "If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence."  28 U.S.C. § 2254, Rule 5(c); **Elliott v. Kuhlmann**, 2004 WL 806986, at *2 (S.D.N.Y. Apr. 9, 2004); **Douglas v. Portuondo**, 232 F. Supp. 2d 106, 109, n.1 (S.D.N.Y. 2002).  The Court finds that the current record suffices to resolve Smith's claims.

2

of a weapon in the third and fourth degrees.  Killian Aff., Exh. 2 at 3.  On June 9, 2000, the court held a **Mapp** [**Mapp v. Ohio**, 367 U.S. 643 (1961)] / **Dunaway** [**Dunaway v. New York**, 442 U.S. 200 (1979)] hearing to determine the constitutionality and admissibility of evidence obtained during the police search – namely, Smith's gun and statements he made during the arrest.  Killian Aff., Exh. 1 at 3.  The court found that the police had probable cause to arrest Smith and denied his motion to suppress.  **Id**. at 7.  Defense counsel placed a statement on the record that Smith was not afforded an opportunity to testify.  **Id**.   The court stated:

> Q: Are you telling me you want to testify at this hearing?
>
> A: I did want to testify. I wanted to let it be known what happened. . .
>
> Q: If you wish to testify, I frankly will consider an application to reopen the hearing for the purposes of letting you testify.

**Id**. at 8.  The prosecution objected to the proposed re-opening of the hearing.  The court, upon further consideration, decided not to re-open the hearing.  It stated that Smith "had a full opportunity to testify," and that "I don't think [his testimony] would change my opinion as to propriety of the police conduct."  **Id**. at 9.

On September 20, 2000, the court held a **Huntley** [**People v. Huntley**, 255 N.Y.S. 2d 838 (1965)] hearing to determine whether statements made by Smith were voluntary or coerced.  Smith agreed to plead guilty to one count of attempted criminal possession in the third degree.  **Id**.  Smith acknowledged that he was voluntarily pleading guilty, and was not forced or coerced to plead guilty.  **Id**. at 10.  The court informed Smith of the rights he would waive by pleading guilty, including the right to appeal:

> Q: [Y]ou're waiving your right to appeal and by waiving your right to appeal, that means that what happens in this case is final. . . do you understand that?

> A: Yes.
>
> Q: But all other Appellate issues you're waiving, you're giving up. Do you understand that?
>
> A: Yes.

**Id**. at 11.

On October 25, 2000, Smith was adjudicated a persistent violent felony offender according to New York Criminal Procedure Law ("N.Y.C.P.L.") § 400.16, because of two prior felony convictions for robbery in 1978 and 1982. Killian Aff., Exh 2 at 12. On December 11, 2000, Smith was convicted and sentenced to an indeterminate prison term of three years to life. Memorandum of Law in Opposition to Smith's Petition for Writ of Habeas Corpus ("Resp. Mem.") at 3.

Smith appealed his conviction to the Appellate Division, First Department. On June 27, 2002, the Appellate Division affirmed the conviction finding that Smith's waived the right to appeal. **People v. Smith**, 743 N.Y.S. 2d 869 (App. Div. 1st Dep't 2002). More specifically, the court found that Smith's claim concerning his adjudication as a persistent violent felony offender was unpreserved, and should not be reviewed "in the interest of justice." **Id**. The court noted that even if it were to review this claim, it would still find that the adjudication complied with the New York State statutory requirements. **Id**. Smith's application for leave to appeal to the New York State Court of Appeals was denied on November 8, 2002. **People v. Smith**, 752 N.Y.S.2d 600 (2002).

Smith was released from Green Haven Correctional Facility in Stormville, New York, on August 17, 2005, and remains in the custody of the New York State Department of Correctional

Services, Division of Parole. Since parole imposes conditions that sufficiently confine and restrain freedom, Smith remains in custody within the meaning of the habeas statute. **Jones v. Cunningham**, 371 U.S. 236, 243 (1963).

### III. DISCUSSION

**A.    Timeliness**

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). A conviction becomes final when the time to seek direct review in the United States Supreme Court by writ of certiorari expires, that is, ninety days after the final determination by the state court. **Williams v. Artuz**, 237 F.3d 147, 150 (2d Cir. 2001) (*quoting* **Ross v. Artuz**, 150 F.3d 97, 98 (2d Cir. 1998). Smith was denied leave to appeal to the New York State Court of Appeals on November 8, 2002. **People v. Smith**, 752 N.Y.S.2d 600 (2002). Since the Court received Smith's petition on June 30, 2003, within one year of his conviction becoming final, the petition is timely.

**B.    Exhaustion**

Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court may not consider a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); **Picard v. Connor**, 404 U.S. 270, 275 (1971); **Dorsey v. Kelly**, 112 F.3d 50, 52 (2d Cir. 1997). In order to satisfy substantive exhaustion, a petitioner's claim before the state courts must have been federal or constitutional in nature. Although not an exacting standard, a petitioner must inform the state courts of "both the factual and the legal premises of the claim [he] asserts in federal court." **Rodriguez v. Vacco**, 126 F.3d 408, 413 (2d Cir. 1997) (*quoting* **Daye v. Attorney Gen.**, 696

F.2d 186, 191 (2d Cir. 1982) (*en banc*)).

Procedurally, the petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See* **Bossett v. Walker**, 41 F.3d 825, 828 (2d Cir. 1994). He must raise a federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" **Id**. (*quoting* **Pesina v. Johnson**, 913 F.2d 53, 54 (2d Cir. 1990). Smith's petition presents both exhausted and unexhausted claims. Smith exhausted three claims – namely, 1) that he did not validly waive his right to appeal the denial of his suppression motion; 2) that the State did not establish probable cause for his arrest; and 3) that the trial court erred by refusing to reopen the suppression hearing – because the Appellate Division considered them on the merits, and upheld the trial court proceedings. **Smith**, 743 N.Y.S. 2d at 869. Although Smith raised a claim concerning his adjudication as a persistent violent felon on appeal, he argued that it was a violation of New York State statutory requirements, and not a federal constitutional violation. His constitutional claim is therefore unexhausted. Since Smith previously filed for leave to appeal to the New York State Court of Appeals, he cannot submit a second application for leave to appeal. He is, therefore, procedurally barred from presenting this claim to the state courts. New York Court Rules § 500.10(a); **Grey v. Hoke**, 933 F.2d 117, 120 (2d Cir. 1991). In a *pro se* motion before the trial court, Smith asserted that he was denied the right to testify before a grand jury. Since he did not raise this claim on appeal, it is also unexhausted. The Court may deny an unexhausted claim on the merits. 28 U.S.C. § 2254(b)(2).

**C.      Merits**

AEDPA restricts a federal court with respect to claims adjudicated on the merits in state

6

court. 28 U.S.C. § 2254(d)(1). The court may issue a writ if the state court adjudication resulted in a decision that (1) "was contrary to clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." **Williams v. Taylor**, 529 U.S. 362, 412 (2000) (*quoting* 28 U.S.C.§ 2254(d)(1)); **Shabazz v. Artuz**, 336 F.3d 154, 160-61 (2d Cir. 2003).

### 1. Smith's Waiver of the Right to Appeal

Smith challenges his conviction on the grounds that he did not waive his right to appeal. A defendant may waive the right to appeal as a condition of a plea agreement, provided that the waiver is knowing, intelligent, and voluntary. **United States v. Ready**, 82 F.3d 551, 556-57 (2d Cir. 1996); **United States v. Martinez-Rios**, 143 F.3d 662, 668 (2d Cir. 1998). Smith claims that the court never specifically informed him that he was waiving the right to appeal, but instead listed this right as one of "the panoply of rights automatically waived by operation of his guilty plea." Killian Aff., Exh. 1 at 12. He also claims that his waiver cannot be characterized as knowing and intelligent because he did not relinquish a known right. **Id**. at 14. The plea allocution clearly indicates that Smith waived his right to appeal knowingly and voluntarily. The court informed him that by pleading guilty, he would relinquishing certain constitutional rights and enumerated each right. He stated that he understood that he was forfeiting those rights. **Id**. at 10-11. The Court finds that Smith's waiver was knowingly, intelligent, and voluntary. I recommend, therefore, that Smith's claim concerning his waiver of the right to appeal be **DENIED**.

## 2. Probable Cause to Arrest

Smith challenges this conviction on the ground that the police lacked probable cause for his arrest in violation of his Fourth Amendment rights. However, at a pretrial suppression hearing, the court determined that there was probable cause for his arrest. "Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." **Stone v. Powell**, 428 U.S. 465, 494 (1976). The Court may grant relief "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." **Capellan v. Riley**, 975 F.2d 67, 70 (2d Cir. 1992) (*citing* **Gates v. Henderson**, 568 F.2d 830, 840 (2d Cir. 1977)). In New York these procedures are codified in N.Y.C.P.L. §§ 710 *et seq*. **Gates**, 568 F.2d at 837; **Crispino v. Allard**, 378 F. Supp. 2d 393, 413 (S.D.N.Y. 2005); **Grey v. Hoke**, 933 F.2d 117, 121 (2d Cir. 1991). Since the trial court conducted a pretrial suppression hearing, Smith cannot show that "no state court . . . conducted a 'reasoned method of inquiry into relevant questions of fact and law,' or any inquiry at all into the Fourth Amendment claim." **Shaw v. Scully**, 654 F. Supp. 859, 864 (S.D.N.Y. 1987) (*quoting* **Cruz v. Alexander**, 477 F. Supp. 516, 523 (S.D.N.Y. 1979)). The Appellate Division affirmed the suppression hearing decision. Smith has failed to show that there was an unconscionable breakdown in the underlying process. Accordingly, I recommend that this claim be **DENIED**.

### 3. Reopening the Suppression Hearing

Smith challenges his conviction on the ground that his suppression hearing should have been re-opened to afford him the opportunity to testify. Killian Aff., Exh. 1 at 3. At the hearing, after defense counsel placed a statement on the record that Smith was not afforded an opportunity to testify, the court indicated that it would consider an application to reopen the hearing for the purposes of letting him testify. **Id**. at 8. However, the prosecution objected. Upon further consideration, the Court ruled that it would not re-open the suppression hearing finding that Smith "had a full opportunity to testify," and that "I don't think [his testimony] would change my opinion as to propriety of the police conduct." **Id**. at 9. Since the court expressly noted that Smith's testimony would not change the outcome of the suppression hearing, his claim has no merit. Smith's failure to testify makes no constitutional difference because it appears that he suffered no prejudice. I recommend, therefore, that this claim be **DENIED**.

### 4. Smith's Adjudication as a Persistent Violent Felon

Smith challenges his conviction on the ground that he was improperly adjudicated as a persistent violent felon. This claim has no merit because Smith has two prior felony convictions for robbery from 1978 and 1982. N.Y.C.P.L. § 400.16. I, therefore, recommend that this claim be **DENIED.**

### 5. Right to Testify before the Grand Jury

Smith argues that his indictment should have been dismissed because he was not afforded an opportunity to testify before the grand jury. Smith, however, does not have a constitutional right to testify before the grand jury. **United States v. Ruiz**, 894 F.2d 501, 505 (2d Cir. 1990).

The state's failure to allow him to testify before the grand jury made no constitutional difference because Smith has failed to show that he suffered any prejudice. **Saldana v. New York**, 850 F.2d 117, 119 (2d Cir. 1988). I recommend, therefore, that this claim be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, I recommend that the petition be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: June 8, 2006**
**New York, New York**

**Respectfully Submitted,**

*/s/ Ronald Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

10

**Copies of this Report and Recommendation were sent to:**

Douglas Smith
763 Fox Street, Apt. 4G
Bronx, New York 10455

Nancy D. Killian
Assistant District Attorney
Office of the District Attorney, Bronx County
198 East 161th Street
Bronx, New York 10451