UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DOUGLAS SMITH,

                Petitioner,                03 Civ. 5402 (PKC)

    -against-

                                       MEMORANDUM
                                       AND ORDER

E.R. DONNELLY,

                Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        On September 20, 2000, pro se petitioner Douglas Smith was convicted in New York Supreme Court, Bronx County, of attempted criminal possession of a weapon in the third degree. Petitioner received a sentence as a persistent violent felony offender to an indeterminate term of three years to life. (Docket No. 2; Pet. ¶¶ 1-5) Petitioner appealed his sentence, and it was affirmed. See People v. Smith, 295 A.D.2d 286 (1st Dep't 2002). Petitioner then sought leave to appeal to the New York Court of Appeals, and leave was denied. 99 N.Y.2d 539 (2002).

        Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. 2254, on the following grounds: (1) petitioner did not waive his right to appeal the denial of his suppression motion; (2) the State failed to establish probable cause for his arrest; (3) the trial court erred in refusing to reopen the suppression hearing after learning that petitioner wanted to testify; (4) petitioner was incorrectly adjudicated as a persistent violent felon; and (5) petitioner's indictment should have been dismissed because he was not afforded an opportunity to testify before the grand jury.

I referred the petition to the Honorable Ronald L. Ellis, United States Magistrate Judge. On June 8, 2006, Judge Ellis issued a Report and Recommendation ("R&R") in which he recommended that the Court deny the petition. The R & R advised the parties that they had ten days from service of the R & R to file any objections, and that failure to timely file such objections would result in any objections being waived. As of the date of this Order, no such objections have been filed. Therefore, petitioner has waived any right to object to the R & R. See, e.g., Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992).

Having reviewed Judge Ellis' R & R, I find it to be well reasoned and thoroughly grounded in law. Judge Ellis reviewed petitioner's submissions, the transcripts of petitioner's state court proceedings and case law governing the issues raised in the petition and properly concluded that: (1) petitioner's waiver of his right to an appeal was knowing, intelligent and voluntary; (2) the State established probable cause for petitioner's arrest; (3) petitioner suffered no prejudice from the trial court's decision not to reopen the suppression hearing and therefore petitioner has no constitutional claim; and (4) petitioner's fourth and fifth are unexhausted and therefore he is procedurally barred from seeking habeas relief on those grounds; .

The R & R is adopted in its entirety, and the petition is DENIED. The Clerk is directed to enter judgment in favor of the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appeal ability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir.

1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 6, 2006